## HOME-STAKE ROYALTY CORPORATION v. WEEMS et al.

No. 25254.    Oct. 29, 1935.

Rehearing Denied Dec. 17, 1935.

Kleinschmidt & Johnson, for plaintiff in error.

C. D. Cund, C. W. King, and A. L. Herr, for defendants in error.

GIBSON, J. This action was commenced by the plaintiff in error in the district court of Oklahoma county under authority of section 12523, O. S. 1931, against the defendants in error to recover the sum of $169.50 paid as income tax, under protest, for the year 1931. From an order and judgment of the trial court sustaining demurrer to the petition and dismissing the cause, plaintiff in error prosecutes this appeal.

Plaintiff in error was plaintiff below, and defendants in error were defendants below. For convenience they will be referred to herein as they appeared in the trial court.

The petition alleges, in substance, that the plaintiff, prior to and during the year 1931, owned certain oil and gas producing royalties and one oil and gas lease in the state of Oklahoma, from which it marketed certain quantities of oil during said year; that it rendered to the defendant Oklahoma Tax Commission its income tax return for said year, wherein it deducted from its gross income the sum of $21,245.47 on account of depletion of its properties during the year; that the defendant Oklahoma Tax Commission reaudited said return and disallowed said deduction and, instead, allowed it only the sum of $5,199.25, or 27½ per cent. of the amount of sales derived from its royalties, and 50 per cent. of the proceeds of sales derived from its oil and gas lease.

It is further alleged that in so doing the

defendants acted without authority of law and contrary to statute; that the plaintiff, under the statute, was entitled to deduct cost depletion from its gross income instead of the percentage deductions allowed by the defendants. It is alleged that plaintiff sustained an actual loss during said year in that the cost of the royalty sold was $21,-245.47 and the sum received therefor was $18,906.36, and that the cost of the oil produced from its lease was $2,780.28, and the amount received therefor was $2,233.06, and therefore no income tax was due from the plaintiff to the state.

In order to determine whether or not the general demurrer to the petition was properly sustained, a construction of certain portions of the Income Tax Law of 1931, and an application thereof to the facts involved, will be necessary.

The portions of the act to be construed and applied are found in sections 12503 and 12507, O. S. 1931, and provide as follows:

"12503. Income—Deductions from Gross Income.

"In computing the net income taxable under the provisions of this act there shall be allowed to any taxpayer, as deductions from gross income, as defined in section 3 hereof: * * *

"(f) An allowance for depreciation, in the case of property used in trade or business, to cover the exhaustion, wear, tear and obsolescence of such property; in the case of mines, oil and gas wells and other natural deposits and timber the allowance for depletion shall be twenty-seven and one-half per centum (27½%) of the gross income from the property during the taxable year. Such allowance shall not exceed fifty per centum (50%) of the net income of the taxpayer (computed without allowance for depletion) from the property."

"12507. Basis of Gain or Loss—Fair Cash Value—Exchange of Property. * * *

"(2) The basis for ascertaining the gain derived, or loss sustained, from the sale or other disposition of property, real, personal or mixed, acquired before January 1, 1931, shall be its fair cash value as of January 1, 1931, or its actual cost, if in excess thereof.

"(a) If its fair cash value, as of January 1, 1931, is in excess of its sale price at the time of sale, the deductible loss shall be the difference between the fair cash value on said date, and the amount realized from the sale thereof."

The petition reveals that the plaintiff has been credited with all the allowable deductions for depletion as specified in section 12503, supra. If this section affords the exclusive means by which to calculate depletion of the property involved herein, then, manifestly, the demurrer to plaintiff's petition was properly sustained, unless, as is maintained by plaintiff, the section is void as being in contravention of section 5, article 10, of the Oklahoma Constitution, providing for uniformity of taxation.

The Legislature has left little room for doubt as to the intended meaning of the term "net income" as used in the act. Subdivision 5, section 3, c. 66, art. 7, Laws 1931 (sec. 12500, subd. 5, O. S. 1931), defines net income as follows:

" 'Net income' means the gross income computed under the provisions of this act less the deductions allowed."

The gross income of plaintiff in the present case, as computed under the act (subdivision 6, sec. 12500), could be nothing other than the money received from the sale of its oil and gas. If the sum so received was greater than the sum of the "deductions allowed" by the act, the difference represents plaintiff's taxable net income.

Plaintiff says that oil is property within the meaning of the Income Tax Law; that money derived from the sale of royalty oil is income from the sale of property, and the gain derived or the loss sustained therefrom must be computed under the provisions of section 12507, supra, and not under section 12503. It is further argued that if, after such computation, there is shown a net income, then the provisions of section 12503 apply, and the taxpayer would be entitled to a deduction of 27½ per cent. of the gross income for depletion.

Plaintiff insists that it is entitled to use as a basis for ascertaining its gain or loss the original cost of the oil. It is said that the cost per barrel in place, prior to production, may be approximated by a method recognized by this court as reasonably accurate, the "unit of production" method (Carter v. Phillips, 88 Okla. 202, 212 P. 747), by dividing the original cost of the lease or royalty interest by the number of barrels expected to be produced. By this method the plaintiff would deduct from its gross receipts the original cost of the property.

We find no fault with the method sought to be employed in ascertaining the original cost. Plaintiff's argument would no doubt be sound if money derived as gross profits from the trade or business of producing oil

342

and gas had been classified by the act with money received as gross profits from the sale of properties as classified under section 12507, supra. If plaintiff is to be allowed the deduction sought, authority therefor must be clearly expressed in the act. Deductions in computing income tax depend entirely upon legislative grace. None may be allowed in the absence of statutory provisions therefor. New Colonial Ice Co. v. Helvering, 292 U. S. 435; B. & O. Ry. Co. v. Com'r of Int. Rev., 78 Fed. (2d) 460. While tax statutes are ordinarily construed most strongly in favor of the taxpayer, the rule applies only where there exists ambiguity or doubt as to legislative intent. City of Ardmore v. State, ex rel. Oklahoma Tax Commission, 168 Okla. 316, 32 P. (2d) 728. After a careful consideration of the act in question, the absence of legislative assent to the deduction claimed becomes apparent. The question here presented resolves itself into one of legislative classification of subjects for purposes of taxation rather than one involving allowable deductions.

It will be noted that subdivision (f), section 12503, supra, classifies property "used in trade or business" in a group by itself for the purpose of ascertaining the extent of exhaustion and depletion of the property so used. Mines, oil and gas wells, and other natural deposits and timber are included in the classification, and the amount to be allowed for depletion is fixed. Section 12507 classifies property that may be the subject of general transfer and sale and not ordinarily used in a going business, and the loss or depreciation on such property is ascertained by using as a basis its actual cost to the taxpayer. The Legislature has thus classified property used in business and property not so used into separate groups for purposes of arriving at the value of the net income derived therefrom. In the one a tax is levied upon the net income derived from a business; in the other, upon the net income derived from the sale of specific property.

The Constitution does not prohibit the Legislature from designating mines, oil and gas wells, etc., as trades or businesses, and classifying the same for determining the amount of the net income derived therefrom for purposes of taxation. When so classified, the Legislature is not restricted as to the value of such net income (section 22, article 10, Constitution), except the tax levied thereon shall be uniform as to that class of subjects. Section 5, art. 10, Constitution. Trustees, etc.. Ins. Corp. v. Hooton, 53 Okla. 530. 157 P. 293. To justify a judicial interference with such legislative classification, the same must be based upon an unreasonable destinction with reference to the subjects of the tax, or upon a want of uniformity in the tax levied upon the subjects of the same class. In re Gross Production Tax of Wolverine Oil Co., 53 Okla. 24, 154 P. 362; Board of Com'rs v. State Equalization Board. 155 Okla. 183, 8 P. (2d) 732, and cases there cited. The Constitution prescribes no particular method to be employed by the Legislature in the classifying of property for taxation; and it may be said that such classification need not be scientific, logical, or consistent, if it reasonably tends to the accomplishment of the purpose intended and is not purely arbitrary. While the act makes no distinction between the business of producing minerals and the mere ownership of royalty interests in the property operated, the classification may not be said to be arbitrary as constituting an inclusion of wholly dissimilar properties in one group for the purposes of determining the amount of depletion and the amount of income subject to the levy of the tax.

Plaintiff says, further, that the tax levied without regard to the original cost of the property amounts to a direct property tax and, in view of the fact that a property tax (gross production) had been paid for the year in question, constitutes double taxation upon the same operation, discriminatory and violative of section 5, art. 10, of the Constitution. The act defines the net income of the plaintiff, and the tax is levied upon that income. It may well be said that a tax levied upon an income derived from property is a direct tax upon the property itself (Gillespie v. Oklahoma, 257 U. S. 501); nevertheless, the Legislature has specific authority to provide for such a tax (sec. 12, art. 10, Constitution), and such tax may be in addition to a tax levied upon the cash value of the specific property.

The only deduction allowed by the act for exhaustion, depreciation, or depletion of the property of plaintiff is 27½ per centum of the gross income from the plaintiff's business as classified by the act. The deduction allowed may appear arbitrary, but the means or methods used in arriving at such deduction are not open to judicial inquiry. If the deduction applies uniformly to all subjects within the classification, the constitutional requirements in that respect are satisfied. The nature of the property in question and the uncertainty of its value and duration justify its classification for purposes of taxation. Once classification as to subjects

of the tax is properly accomplished without undue discrimination, there is nothing in the Constitution to prevent the taxation of that class to the point of extinction or destruction.

The case of United States v. Ludey, 274 U. S. 295, 71 L. Ed. 1054, cited by plaintiff, is not in point with the case at bar. That case involved the income derived from the outright sale of a business and deductions to be allowed for depreciation of the property as a whole.

The allegations of plaintiff's petition revealed the fact that the plaintiff had been allowed all deductions authorized by the act. The petition therefor failed to state a cause of action against defendants.

The judgment of the trial court sustaining the demurrer and dismissing the petition is therefore affirmed.

McNEILL, C. J., and RILEY. BUSBY. and PHELPS, JJ., concur.