## In re LEVY.

No. 28997.    Oct. 3, 1939.

Keaton, Wells & Johnston, of Oklahoma City, for plaintiff in error and protestant.

Dick Jones, A. L. Herr, Wendell Barnes, and C. D. Stinchecum, all of Oklahoma City, for defendant in error.

HURST, J. Protestant, Leon Levy, in making his income tax return for the year 1936, deducted 20 per cent. from a $45,000 cash bonus received by him from the sale of an oil and gas mining lease upon an undivided interest in lands in Oklahoma. The deduction was made on the assumption that protestant was entitled to a depletion allowance on said sum, under subdivision (g) of section 9, art. 6, ch. 66, S. L. 1935, for the reason that such bonus was equivalent to advanced royalties, or that to the extent of such 20 per cent. it represented a conversion of a capital asset. In support of this position protestant cites numerous cases construing the Federal Income Tax Acts, typified by Burnett v. Harmel, 287 U. S. 103, 53 S. Ct. 74, 77 L. Ed. 199, and Herring v. Commissioner, 293 U. S. 322, 55 S. Ct. 179, 79 L. Ed. 389. These decisions are not controlling, as the federal statute does not contain any provision similar to the restrictive clause found in our law, and, in the determination of the question before us, cannot subvert the plain intent of the Legislature as expressed in the act above referred to.

The production of oil is a major industry in this state, and the peculiar characteristics of the business, and the terms used therein, have been before this court in many cases, and were unquestionably known to and recognized by the Legislature at the time this statute was enacted. An oil and gas lease has been defined as "a grant of the exclusive right to take all the oil and gas that could be found by drilling wells upon a particular tract" (Rich v. Donaghey [1918] 71 Okla. 204, 177 P. 86). While it purports to be a present conveyance, yet, by reason of the fugitive nature of such substances, no title in them actually vests in the lessee until reduced to possession. Rich v. Donaghey, supra; Kolachny v. Galbreath, 26 Okla. 772, 110 P. 902. A bonus is defined as the cash consideration moving from the lessee to the landowner for the execution of the lease. Carroll et al. v. Bowen et al. (1937) 180 Okla. 215, 68 P.2d 773. Depletion of the store of oil or gas under the land, if there be any, commences at the time the oil or gas is reduced to possession by the lessee (Breeding v. Ritterhoff, 126 Okla.

225, 259 P. 227), at which time delivery of the royalty, or share reserved to the landowner for permitting lessee to explore and reduce to possession, also commences. Carroll v. Bowen, supra. If lessee fails within the term of the lease to develop or explore, and reduce to possession, his rights terminate, and the landowner retains the bonus and the land. The exercise of the rights acquired by the lessee under the lease is optional, and until exercised in no way restricts the landowner's use of the land, and deprives him of no right except the right to make another oil and gas lease or to himself develop and produce during the term of the existing lease.

With knowledge of these facts the Legislature, by the statute above referred to, provided for a reasonable allowance or deduction "to cover the depletion caused by the removal from the natural state" in case of oil, gas, and other minerals. This language clearly contemplates the allowance for depletion only in event of actual production of oil or gas from the land. In view of what we have said above, it is apparent that the lease bonus does not represent payment for any portion of the mineral produced, but is the consideration for the option to explore and remove minerals, granted by the lease. The landowner's royalty, upon which he is entitled to the depletion allowance if oil or gas is produced from his land, is his compensation, under the lease, for the exercise by lessee of the right therein granted to remove the oil and gas under his land. Aldridge v. Houston Oil Co. et al. (1926) 116 Okla. 281, 244 P. 782; Carter, State Auditor, v. Rector et al. (1922) 88 Okla. 12, 210 P. 1035; Carroll et al. v. Bowen et al., supra.

Deductions allowable in computing the net income tax must be clearly authorized by the provisions of the act. Home-Stake Royalty Corporation v. Weems, State Treas., et al. (1935) 175 Okla. 340, 52 P.2d 806; New Colonial Ice Co. v. Helvering, 292 U. S. 435, 54 S. Ct. 788, 17 L. Ed. 1348. The protest was properly denied.

Affirmed.

BAYLESS, C. J., and OSBORN, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and RILEY, J., absent.