** Summary **
PROCEDURES IN DETERMINING TRANSITIONAL DEDUCTION OF TAXPAYER Any differences in deductions between federal and state income tax laws resultant from the depletion allowance on oil lease bonuses, or contributions by self-employed persons under H.R. 10 Retirement Plans are not subject to inclusion in determining the optional transitional deduction. The Attorney General has received your request for an opinion wherein you raise the following question: "Are differences in the deductions under the federal tax laws and those of Oklahoma resulting from the depletion allowance on oil lease bonus and the contributions under HR 10 retirement plans allowed in the federal code subject to inclusion in determining the optional transitional deduction?" The question raised focuses on two elements: The depletion allowance on oil lease bonuses and contributions under H. R. 10 retirement plans. Accordingly, these elements will be treated separately. The optional transitional deduction is authorized by 68 O.S. 2354 [68-2354] (1971), which provides in pertinent part as follows: "A. If a taxpayer (including a partnership) shall have been required to report his taxable income to the State of Oklahoma for years prior to the effective date of this act, in a manner different than he has been required to report his federal income for the same period of time, and, as a consequence of the differences in reporting income during that period of time, has a different basis of assets for gain or loss through the taking of different amounts for depletion, depreciation or amortization, or shall have a different amount of some prepaid income or deferred expense or other similar balance sheet item, such taxpayer shall be entitled, at his option, to a transitional deduction. The determination of the amount of the deduction shall be made as though an application to change accounting method had been granted and shall include all items subject to adjustment, whether resulting in an increase or decrease in the transitional deduction. Items subject to adjustment shall be only those which: "1. Have been treated differently in determining amounts subject to tax under Oklahoma and federal income tax laws which were applicable in a prior period, "2. Have been an element in determining Oklahoma income subject to tax in periods with respect to which Oklahoma income tax was paid; and "3. Except for the required change in reporting income, would have produced in a subsequent taxable period an adjustment to income subject to tax on account of the differences in federal and Oklahoma tax reporting. "Items subject to adjustment may consist of deductions taken or not taken in prior years, or amounts of income required to be included or excluded in such years, but such items shall be disregarded to the extent it can be shown that the prior treatment of such items had no actual effect on the amount of Oklahoma income tax paid; in making such showing, no items other than the items subject to this transitional adjustment shall be considered. "No net addition to Oklahoma taxable income shall be required by reason of this section, but, at the election of the taxpayer, a deduction in the amount of such net adjustment shall be available as provided below." (Emphasis added) Deductions allowable in computing net\income are a matter of legislative grace, and depend entirely upon the authorizing statute. Green v. Oklahoma Tax Commission,188 Okl. 168, 107 P.2d 180(1940). Legislative intent to allow a deduction must be clearly expressed. In re Levy,185 Okl. 477, 94 P.2d 937 (1939). No deduction may arise through implication. 85 C.J.S., Taxation, 1099. Section 2354, subsection A, deals generally with entitlement to the transitional deduction, and items subject to adjustment in determining the amount thereof. Entitlement to the transitional deduction is based upon differences in the manner of reporting state and federal income required by law during the pre-1971 years. The taxpayers shall be entitled to the transitional deduction only if such differences in the required manner of reporting income result in a different basis of assets. Subsequent language sets forth the income factors to which the different-manner-of-reporting provision attaches. The enumerated income factors constitute an exclusive listing and include depletion and depreciation or amortization; prepaid income, deferred expense and similar balance sheet items are also included. The taxpayer seeking to avail himself of the optional transitional deduction must bring himself within the orbit of this statutory language. 85 C.J.S., Taxation, 1099. He must go further, however, and show that the income item which he seeks to include qualifies as one subject to adjustment. Qualification as an item "subject to adjustment" requires compliance with three statutory conditions. These conditions are worded in the conjunctive, and are expressly made mandatory. Hence, each of the statutory conditions must be satisfied. The items subject to adjustment (1) must have been treated differently in determining amounts subject to tax by the Oklahoma and Federal Income Tax laws in effect during the pre-1971 period; (2) it must have been an element in determining taxable income under Oklahoma law in a period respecting which state income tax was actually paid; (3) finally, the item, except for the required change in reporting income enacted in 1971, must be shown to have produced an adjustment to income subject to tax in a subsequent taxable period resulting from the differences in the federal and state manner of reporting. The first part of your question relates to whether the depletion allowance on oil lease bonuses is covered by 68 O.S. 2354 [68-2354] (1971). 26 U.S.C.A. 611 provides: "(a) General rule. — In the case of mines, oil and gas wells, other natural deposits, and timber, there shall be allowed as a deduction in computing taxable income a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under regulations prescribed by the secretary or his delegate. . . ." (Emphasis added) The lessor is allowed a percentage depletion under this section on bonus or advance royalty received in the year the oil lease is executed even though there is no production in that year. Herring v. Commissioner of Internal Revenue, 293 U.S. 322
(1934). However, if there is no production from the leased premises before the lease expires or terminates, depletion claimed by the lessor on bonuses or advance royalties, as above, must be reported as income in the year of expiration or termination. Louisiana Delta Hardwood Lumber Co., Inc. v. Commissioner of Internal Revenue, 183 F.2d 189
(5th Cir. 1950). Title 68 O.S. 2307 [68-2307] (1971), which was repealed May 11, 1971, allowed as a deduction from gross income: ". . . An allowance, according to the peculiar condition in each case, in the case of mines, oil or gas wells, other minerals or natural deposits and timber, situated within the State, to cover the depletion caused by the removal from the natural state of such products together with the depreciation of improvements used in connection with such operation; such allowance in all cases to be made under rules and regulations to be prescribed by the Tax Commission, and to be based upon cost of the particular property . . . Provided, further, that, in the case of income derived from oil and or gas wells, coal and metal mines and rock asphalt mines, any taxpayer may at his option deduct as an allowance for depletion in lieu of the calculation of depletion as otherwise provided for herein, the following percent: In case of oil and/or gas wells, twenty-seven and one-half percent (27 1/2%); . . ." (Emphasis added) Does the language authorizing percentage depletion against "income derived from oil and/or gas wells" include bonus and advance royalty? The State has inherent power to raise the necessary revenue for state government, In Re Skelton Lead and Zinc Companies Gross Production tax for 1919,81 Okl. 134, 197 P. 495 (1921); accordingly, a construction of the Internal Revenue Code does not within itself constitute a binding interpretation of a similar provision in a state taxation statute. Hence, the above noted decisions allowing a percentage depletion deduction under26 U.S.C.A. 611 on bonuses or advance royalty under a lease agreement have not been followed in Oklahoma. In re Levy, supra; held: ". . . A bonus is defined as a cash consideration moving from the lessee to the land owner for the execution of the lease. . . . Depletion of the storer of oil or gas under the land, if there be any, commences at the time the oil or gas is reduced to possession by the lessee . . . "With knowledge of these facts the Legislature, by the statute above referred to, provided for a reasonable allowance or deduction 'to cover the depletion caused by the removal from the natural state' in case of oil, gas, and other minerals. This language clearly contemplates the allowance for depletion only in event of actual production of oil or gas from the land . In view of what we have said above, it is apparent that the lease bonus does not represent payment for any portion of the mineral produced, but is the consideration for the option to explore and remove minerals, granted by the lease . . . ." (Emphasis added) This language makes it abundantly clear that Section 2307 authorized an allowance for depletion only upon actual production. Title 68 O.S. 2354 [68-2354] (1971), supra, authorizes the optional transitional deduction only as to items which conform to each of the three criteria above noted. The second of these criteria requires that the item upon which the transitional deduction is sought have "been an element in determining Oklahoma income subject to tax" during the pre-1971 period. Since the depletion allowance was not allowed on oil lease bonuses during that period, it could not have been an element in determining taxable income therein. For this reason alone it cannot be subject to inclusion in determining the optional transitional deduction. Contributions under "H.R. 10 Plans" are covered in 26 U.S.C.A., 401-405. C.C.H., paragraph 3893, states: "Self-employed persons have access to retirement plans on a basis similar to that given to employees whose employers have established pension, profit-sharing or stock bonus plans. Self-employed individuals, including partners, have the benefit of income tax deductions for contributions to a qualified retirement plan. Contributions which are nondeductible may also be made within limits. Plans providing such benefits are commonly called 'H.R. 10 Plans.' " The only similar provision in the Oklahoma income tax statutes is found in Section 2307: "(e) An employer, establishing or maintaining a pension trust to provide for the payment of reasonable pension to his employees, shall be allowed, as a deduction, only the contributions paid to such trust during the taxable year to cover pension liability accrued on an actuarial basis, during such year;" Qualification as a deduction under this provision requires that the payment be made by an employer to a pension trust established and maintained by him "to provide for the payment of reasonable pension to his employees." Further, deductible amounts are limited to contributions paid to such trust during the taxable year to cover accrued pension liability for that year. Deductions, to be allowed in computing net income under state income tax law, depend entirely on the legislative will and must be clearly expressed. In Re Levy, supra. Self-employed persons are not included within the scope of the language contained in Section 68 O.S. 2307 [68-2307](3). Consequently, the requirement of Section 68 O.S. 2354 [68-2354] that the item upon which the transitional deduction is sought be one which, under pre-1971 legislation, constituted "an element in determining Oklahoma income subject to tax" is applicable. Contributions by self-employed persons analogous to those authorized as "H.R. 10 Plans" were not deductible under Section 68 O.S. 2307 [68-2307]; hence, they are not subject to inclusion in determining the optional transitional deduction. It is, therefore, the opinion of the Attorney General that your question be answered in the negative as to both of its component parts. Any differences in deductions between federal and state income tax laws resultant from the depletion allowance on oil lease bonuses, or contributions by self-employed persons under H.R. 10 Retirement Plans are not subject to inclusion in determining the optional transitional deduction. (Odie A. Nance)