** Summary ** OKLAHOMA INCOME TAX ACT — OPTIONAL TRANSITIONAL DEDUCTION Differences in the bases of assets under the federal tax laws and those of Oklahoma resulting from the additional twenty per cent first year depreciation allowed in the federal code are subject to inclusion in determining the optional transitional deduction. The Attorney General has considered your request for an opinion construing Section 4 of the 1971 Oklahoma Income Tax Act. This Section, 68 O.S. 2354 [68-2354] (1971), deals with the "Optional transitional deduction" allowed certain taxpayers due to changes in state law instituted by the Act. In particular, you ask, in effect, the following question: Are differences in the bases of assets under the federal tax laws and those of Oklahoma resulting from the additional 20 per cent first-year depreciation allowed in the federal code subject to inclusion in determining the optional transitional deduction? Under the provision of 68 O.S. 2353 [68-2353] (1971), Oklahoma taxable income is now to be reported the same as federal taxable income in all particulars. This represents a change from years prior to 1971 in which certain items were to be computed under different formulas and regulations. In order to alleviate any burdens imposed by this change, the 1971 Legislature enacted House Bill No. 1191, now 68 O.S. 2354 [68-2354] (1971). Section 2354 states, in relevant part: "A. If a taxpayer (including a partnership) shall have been required to report his taxable income to the State of Oklahoma for years prior to the effective date of this act, in a manner different than he has been required to report his federal income for the same period of time, and, as a consequence of the difference in reporting income during that period of time, has a different basis of assets for gain or loss through the taking of different amounts for depletion, depreciation or amortization, or shall have a different amount of some prepaid income or deferred expense or other similar balance sheet item, such taxpayer shall be entitled at his option, to a transitional deduction. The determination of the amount of the deduction shall be made as though an application to change accounting method had been granted and shall include all items subject to adjustment, whether resulting in an increase or decrease in the transitional deduction. Items subject to adjustment shall be only those which: "1. Have been treated differently in determining amounts subject to tax under Oklahoma and federal income tax laws which were applicable in a prior period; "2. Have been an element in determining Oklahoma income subject to tax in periods with respect to which Oklahoma income tax was paid; and "3. Except for the required change in reporting income, would have produced in a subsequent taxable period an adjustment to income subject to tax on account of the differences in Federal and Oklahoma tax reporting. "Items subject to adjustment may consist of deductions taken or not taken in prior years, or amounts of income required to be included or excluded in such years, but such items shall be disregarded to the extent it can be shown that the prior treatment of such items had no actual effect on the amount of Oklahoma income tax paid; in making such showing, no items other than the items subject to this transitional adjustment shall be considered. "No net addition to Oklahoma taxable income shall be required by reason of this section, but, at the election of the taxpayer, a deduction in the amount of such net adjustment shall be available as provided below." (Emphasis added) In order to determine under what circumstances a deduction may be taken, it is important to consider various rules of statutory construction. In the case of In re Levy, 185 Okl. 477, 94 P.2d 537 (1939), the Oklahoma Supreme Court stated in its syllabus: "Deductions to be allowed in computing net income, under the net income tax law, depend entirely upon the legislative will, and must be clearly expressed." The Court stated a similar position in Green v. Oklahoma Tax Commission,188 Okl. 168, 107 P.2d 180 (1940): "Deductions from gross income are a matter of legislative grace, and the question whether they are allowable depends upon the statute. " This position is set out at length in 85 C.J.S., Taxation, 1099 which reads as follows: "Deductions are in the nature of exemptions; they are privileges, not matters of right, and are allowed as a matter of legislative grace. The right to deductions must be determined by the terms of the tax statutes, and may not arise through implication, or in the absence of statutory authorization. Deductions are allowed only when granted by clear language or when plainly authorized. No deduction is proper unless justification therefor is to be found in the statute; and one claiming the right to deduct any item from gross income must bring himself within the statutory provisions authorizing such deductions. Where particular deductions are authorized by the statute, no others may be made, and a deduction which the statute allocates to one class of income may not be extended to another." This rule is reiterated in 47 C.J.S., International Revenue, 229, and is also set forth in 27 Am. Jur., Income Taxes, 93 as follows: "Deductions from gross income in arriving at net income, on which an income tax is imposed, are allowed as a matter of legislative grace and are authorized only where there is a clear statutory provision for them." In considering the construction of a tax statute and the various rules applicable to it, it is important to keep in mind the following statement made by the Oklahoma Supreme Court in Cherokee County Pub. Co. v. Cherokee County,48 Okl. 722, 151 P. 187 (1915): "The primary object shall be the intention of the lawmakers, and, when any rule of construction defeats that intention, it must be abandoned. Rules of construction are but aids to the accomplishment of this primary object." This basic principle has been reiterated many times, with the first syllabus by the Court in State ex rel. Otjen v. Mayhue, Okla., 476 P.2d 317
(1970), a good example: "Construction of a statute should be reasonable in order that legislative intention in adoption of such statute will be given expression and the object and purpose intended will be accomplished." It is in this context that your particular question must be examined and answered. The additional twenty per cent first year depreciation to which you refer in your question appears in the Internal Revenue Code as26 U.S.C.A. 179. This section was enacted to give extra inducements to investments for small businesses on limited classes and amounts of property. The general rules, 179 (a), states: "In the case of 179 property, the term 'reasonable allowance' as used in 167 (a) may, at the election of the taxpayer, include an allowance, for the first taxable year for which a deduction is allowable under 167 to the taxpayer with respect to such property, of 20 per cent of the cost of said property." As the Section makes clear, this additional depreciation allowance is optional under federal law; prior to the enactment of the 1971 Oklahoma Income Tax Act, this additional depreciation was not allowed according to state laws. Were the taking of this additional depreciation allowance mandatory, it seems clear that it would be includible in computing the optional transitional deduction under 68 O.S. 2354 [68-2354] (1971). The answer to your question thus hinges upon the interpretation to be given the words "required" as underlined in the text of Section 2354, supra. A strict and literal interpretation of "required" would clearly lead to the conclusion that this allowance is not an includible item under the terms of 2354. Any taxpayer who took advantage of 179 can only have done so as a result of an irrevocable election that, by its terms, belies any notion of legal compulsion. It appears clear, however, in this instance that such an interpretation would defeat the purposes of Section 2354 and thwart the intent of the Legislature enacting it. The deduction involved here serves to alleviate some of the burden falling upon taxpayers as a result of the reconciling of items previously computed differently under federal and state law. The statute specifically refers to such differences arising from "depletion, depreciation, or amortization" deductions. It must be recognized that none of these deductions are mandatory, and although clearly to the disadvantage of the taxpayer, he may legally refuse to take all or any part of those deductions to which he is entitled. It is difficult to imagine any meaningful context in which Section 2354 would apply with a literal interpretation of "required;" a taxpayer could virtually always have reported his income in a less favorable manner under one law (state or federal) to reconcile it with a stricter obligation under the other. Since it is clear that the statute was meant to have a practical as well as legal effect, it must be concluded that the second "required" in Section 2354 is not to be strictly construed. This result follows from the fact that this deduction itself is optional and must only be reported if a determination favorable to the taxpayer is made. We are thus dealing principally with situations where the federal statutes were more lenient than state law as far as the amount of taxable income, and only with the reverse situation where offsets to the initial amounts would result. The conclusion that Section 179 depreciation computations should not be disallowed for purposes of the optional transitional deduction is further bolstered by other language in Section 2354. The section speaks of adjustments stemming from "deductions taken or not taken in prior years" as well as income required to be included or excluded. This suggests a cognizance by the legislature of the non-compulsory nature of deduction items and would be superfluous if a literal construction is forced upon the first part of the statute. In C. H. Leavell Company v. Oklahoma Tax Commission, Okl., 450 P.2d 211 (1968), the Oklahoma Supreme Court itself engaged in this type of analysis. In construing a different section of the state tax laws the Court stated: "The Tax Commission's interpretation of the statute giving a right to elect is contrary to the rule that every statute must be interpreted to give meaning to every part." And even more significant is the Court's statement in the Leavell case, supra, of the general Oklahoma rule for interpreting tax statute. "The settled law requires that any doubt concerning tax laws to be resolved in favor of the person upon whom the tax burden is sought to be imposed . . . All tax statutes are construed strictly against the state." It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Differences in the bases of assets under the federal tax laws and those of Oklahoma resulting from the additional twenty per cent first-year depreciation allowed in the federal code are subject to inclusion in determining the optional transitional deduction. (Charles L. Pain) ** SEE: OPINION NO. 80-018 (1980) **