[No. 14437.    Department One. — November 29, 1892.]

G. CLARENCE CHURCHILL, APPELLANT, *v.* THE PACIFIC IMPROVEMENT COMPANY, RESPONDENT.

INNKEEPERS — LIABILITY FOR PROPERTY OF GUESTS — STATUTE OF LIMITATIONS. — The time within which an action may be commenced against an innkeeper upon his liability as an insurer of the property of his guests is governed by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, which provides that an action upon an obligation not founded upon an instrument in writing may be brought within two years.

ID. — CONSTRUCTION OF CODE — "LIABILITY CREATED BY STATUTE" — CONTINUATION OF COMMON LAW. — The liability of an innkeeper for losses or injuries to the property of guests declared by section 1859 of the Civil Code is not a "liability created by statute," within the meaning of subdivision 1 of section 338 of the Code of Civil Procedure, fixing a limitation of three years to "an action upon a liability created by statute." The rule stated in section 1859 of the Civil Code is simply declaratory of the common law, and is to be considered as a continuation thereof, and not as a new enactment.

ID. — "CONSTRUCTION" OF THE COMMON LAW. — The word "construed," as used in section 5 of the Civil Code, providing that the code sections, "so far as they are substantially the same as existing statutes or the com-

mon law, must be construed as continuations thereof, and not as new enactments," as applied to the common law means "regarded" or "considered," and not "interpreted." There is no such thing as construction of the common law.

Id. — Pleading — Separate Counts in Complaint — General Demurrer. — A general demurrer to a whole complaint which contains two counts or two causes of action is properly sustained, where neither of the counts states a cause of action; and it is not necessary that the demurrer in such case should refer to either of the counts separately.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Carroll Cook*, for Appellant.

*Frank Shay*, for Respondent.

Paterson, J.— A judgment in favor of defendant on demurrer to the complaint was entered in the court below, and plaintiff has appealed therefrom. The question is, whether the cause of action stated in the complaint was barred by the statute of limitations.

It is alleged in the complaint that the defendant is engaged in the business of keeping a public inn; that on April 1, 1887, the plaintiff and his wife were guests in said inn, and plaintiff had taken there with him as such guest, and placed under the care of the defendant, as innkeeper, certain described personal property belonging to him, of the value of $3,492; that on the night of said first day of April, the inn and plaintiff's said property were, through the negligence of the defendant, destroyed by fire. Another and separate cause of action is set forth in the complaint, but it is the same as the first, except in two particulars, namely, it is alleged that a portion of the property, valued at $3,040, was the personal effects of the plaintiff's wife, and that before the commencement of the action she assigned to the plaintiff all claim for damages against the defendant. The complaint was filed March 5, 1890.

The defendant filed a demurrer to the complaint, on

the ground that "it clearly and affirmatively appears upon the face of said complaint that the cause of action therein set forth is barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure." This section provides that an action upon an obligation not founded upon an instrument of writing may be brought within two years.

We think that the ruling of the court in sustaining the demurrer to the complaint was correct. Section 1859 of the Civil Code provides that "an innkeeper is liable for all losses of or injuries to personal property placed by his guests under his care, unless occasioned by an irresistible superhuman cause, by a public enemy, by the negligence of the owner, or by the act of some one whom he brought into the inn." Appellant contends that the liability established by this section is one "created by statute"; and that the time within which an action can be commenced upon such a liability is governed by subdivision 1 of section 338 of the Code of Civil Procedure, which provides that "an action upon a liability created by statute, other than a penalty or forfeiture," must be commenced within three years.

We do not agree with the appellant in this contention. The rule stated in section 1859 is simply declaratory of the common law, and section 5 of the Civil Code provides that the sections of the code, "so far as they are substantially the same as existing statutes or the common law, must be construed as continuations thereof, and not as new enactments." In *Pinkerton* v. *Woodward*, 33 Cal. 600, 91 Am. Dec. 657, the court said: "But the preponderating weight of authority, from the time of the decision in *Cayle's Case*, 8 Coke, 32, to the present time, is in favor of the rule that he [the innkeeper] is liable as an insurer." In *Wilkins* v. *Earle*, 44 N. Y. 172, 4 Am. Rep. 655, the court said: "His liability extends to wearing apparel, jewelry, money, and even to the horses, wheat, butter, and other articles of bulk belonging to the guest, if received by the innkeeper into his care, and within his place of entertainment. This is the rule of the

common law, enforced in the days of Lord Coke, and long prior, and ever since, as well in England as in this state. . . . . The liability of an innkeeper for the goods of his guests has been settled for centuries. The act of 1855 does not purport to create it, nor even to declare it. It assumes the liability." If, therefore, there were no such statutory provision as we find in section 1859, the liability of the innkeeper would be the same as it is under that section.

Appellant's contention, that the word "construed," as used in section 5, means simply to "interpret," to "explain," to "translate," or "to show the meaning of," cannot be sustained. As there used, the legislature clearly intended it to mean "regarded," or "considered." It certainly was not intended to say that the provisions of the code, so far as they are substantially the same as the common law, should be construed the same as the common law; there is no such thing as construction of the common law. We do not interpret it: we declare it; we say what it is. Section 20 of the Civil Code adds no strength to the appellant's position.

It is claimed that the demurrer ought to have been overruled, because it is general in terms, and there are two separate and distinct causes of action stated in the complaint; that it is impossible, therefore, from the demurrer to ascertain which of the counts is demurred to. In this contention, also, we think the appellant is in error. The demurrer is to the whole complaint. Section 431 of the Code of Civil Procedure provides that the demurrer " may be taken to the whole complaint, or to any of the causes of action stated therein." There are two counts in the complaint, it is true, but neither of them is good. The authorities cited by the appellant, therefore, are not in point.

The judgment is affirmed.

HARRISON, J., and GAROUTTE, J., concurred.