## BOTTEMUELLER v. WILSON & CO.
### No. 1757.

District Court, W. D. Missouri, W. D.

Oct. 14, 1944.

Harry B. Jenkins, of Kansas City, Mo., for plaintiff.

Gage, Hillix, Shrader, Hodges, Cowherd & Phelps, Carson E. Cowherd and Richard K. Phelps, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant seeks a summary judgment under Rule 56(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This rule provides that: "A party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

It is the contention of the defendant that the action is barred by limitation for the reason that the suit is upon a liability created by statute and that under the law of the State of Kansas, where the obligation originated, the limitation upon such action is three years.

The plaintiff's second amended complaint alleges substantially that he is a contract carrier by motor in interstate commerce and was such at the time he contracted with the defendant to haul certain of its products from the place where processed in the State of Kansas to points in one or more southern states. As a contract carrier the plaintiff asserts that he had complied with the in-

terstate commerce law, and particularly Section 318 of Title 49 U.S.C.A. This section requires the filing of a schedule of tariff charges for transportation services. Said section contains a provision that: "No such carrier shall demand, charge, or collect a less compensation for such transportation than the charges filed in accordance with this paragraph * * *." For the services rendered to or the hauls made for the defendant the schedules filed with the Interstate Commerce Commission provided for the payment of 98 cents per hundred weight for meat products and 83 cents per hundred weight for lard products. The contract, however, between the parties provided for the payment of $1 per hundred weight and 85 cents per hundred weight respectively for the services mentioned. After the services were performed defendant actually paid 90 cents and 70 cents respectively. Plaintiff has sued for the difference between the tariffs actually paid and the schedules filed with the Interstate Commerce Commission and promulgated as required by law. It is upon this state of facts that the defendant asserts that the action, being upon a liability created by statute, is barred by the three year statute of limitations.

■■■ 1. Quite obviously the suit is one on a hauling or transportation contract. The plaintiff undertook to perform certain services for the defendant for a compensation set out in schedules attached to a written contract. The schedule of charges did not agree with published rates filed by the plaintiff and promulgated by him as an interstate contract carrier by motor. Under such circumstances the published tariffs superseded the agreed rates and entered into and became a part of the contract just as effectively as if written therein. The liability was not created by statute. Such liabilities are created by the revenue laws, statutory official bonds and statutory double liability in cases of certain corporations—a liability created by statute is a liability which would not exist but for the statute. Fidelity & Deposit Co. of Maryland v. Lindholm, 9 Cir., 66 F.2d, 56, 89 A.L.R. 279.

In the instant case, the plaintiff, being a contract carrier, agreed with the defendant to transport its products for compensation specified in a schedule attached to the contract. The published rates filed by the plaintiff, however, superseded the contract rates and fixed compensation to be paid the plaintiff by the defendant just as effectively as if the identical rates had been incorporated in the written agreement. The liability was not a statutory liability but a liability accruing against the defendant for services rendered by the plaintiff in transporting its merchandise and would have existed wholly apart from the contract.

An analogous situation appears in the case of Liebing v. Mutual Life Insurance Company of New York, 269 Mo. 509, 191 S.W. 250. It was contended in that case that the nonforfeiture statute of the State of Missouri relating to insurance created a statutory liability. The answer of the court was that the statute became a part of the contract and that the suit was not on the statute but on the contract. 269 Mo. loc.cit. 518, 191 S.W. loc.cit. 252 the court said, in reference to the contention that it was a liability created by statute: "The answer to this contention is found in the fact that the statute is a part of the policy contract, as much so for the purpose of an action on the policy as any other. This is the effect of our previous holdings, and is put beyond question by the terms of the statute itself, which make it clear that the liability for extended insurance is a liability under the policy, the policy itself being simply extended by force of the statute." The liability in this case has none of the indicia of a liability created by statute.

2. A very similar question was considered by the Court of Appeals, this Circuit, in New et al. v. Denison Clay Co., 260 F. 70, loc.cit. 72. A majority of the court said: "The agreement to pay the freight contained in the bills of lading was therefore an agreement to pay the lawful freight, that freight prescribed by the applicable tariff filed and published under the acts of Congress, and that written or printed tariff, so far as it governed this freight, was, by this agreement to pay the freight, embodied in, and it became a part of, the contract in the bill of lading." The contract in this case is comparable to a bill of lading as same is understood by railroad carriers.

In the case just cited and discussed, Judge Stone dissented. It was his opinion that the plaintiff was at liberty to sue as upon a liability created by statute or upon contract. Judge Stone said this: "Where such contract exists, and the carrier has mistakenly collected less than that

rate, it may sue for the difference, either under the contract or under the above 'liability created by statute.'" Even according to the dissenting opinion the plaintiff in this case was within his rights to sue on the contract. He has done that. It was his contract and not the statute which created the liability. It was the hauling service that he performed for the defendant and not the statute which gave him the right to claim compensation. All the statute did was to regulate and fix the amount of compensation to be charged and to forbid the plaintiff from collecting a lesser amount.

The authorities have been examined and all accord with the reasoning of this memorandum.

The motion for a summary judgment, therefore, should be overruled and it will be so ordered.