[L. A. No. 23339. In Bank. Mar. 29, 1955.]

RAY A. GARDNER et al., Respondents, v. BASICH BROTHERS CONSTRUCTION COMPANY (a Corporation) et al., Appellants.

Stephen Monteleone and Walter Atkinson for Appellants.

Ernest W. Pitney for Respondents.

SPENCE, J.—Defendants appeal from a judgment awarding plaintiffs the difference between the amount defendants paid plaintiffs for a trucking job at the hourly rate and the larger amount allegedly due at the ton-mileage rate. Both minimum rates were fixed in public tariffs issued by the Railroad Commission (now the Public Utilities Commission) pursuant to the Highway Carriers' Act. (Stats. 1935, ch. 223, p. 878; 2 Deering's Gen. Laws, Act 5129a; now Public Utilities Code, §§ 3501-3809.) As grounds for reversal, defendants rely on these two principal contentions: (1) that plaintiffs waived the higher rate; and (2) that plaintiffs' action is barred by the statute of limitations. (Code Civ. Proc., § 339, subd. 1.)

In 1948 defendants were engaged in constructing a state highway. They employed plaintiffs, licensed highway car-

riers, to haul certain materials by dump trucks. The hauling was done during the period from April 1 to early in July, 1948. Pursuant to its power to makes rules and regulations establishing rate schedules for transportation services and to provide for their enforcement, the Railroad Commission (Highway Carriers' Act, *supra*, § 10; now Pub. Util. Code, § 3665) had established two minimum rates which might be applied to the type of hauling here involved: (1) ton-mileage; and (2) hourly. Section No. 4, page 40, Highway Carriers' Tariff No. 7, issued by the commission in October, 1947, and applicable here, provided: "Rates in this section are Hourly Rates and . . . will apply only when notice in writing is given to the carrier, before the transportation commences, of the shippers' intention to ship under such rates. When such notice is given rates in Sections Nos. 2 and 3 will not apply." Section 2 concerned ton-mileage rates.

In the preliminary discussions of the parties, plaintiffs told defendants that they would prefer to work at the ton-mileage rate rather than on an hourly basis; and that in the absence of a written requisition, the hauling would be based on the commission's standard rate, fixed on the minimum ton-mileage scale. No written requisition or work order was given either before or after the work started April 1, 1948. However, defendants daily furnished cards to plaintiffs' drivers and the latter completed them so as to show the hours worked. On May 18, June 10, and July 9, 1948, defendants gave plaintiffs written schedules of the number of hours worked during the preceding month with checks attached payable to plaintiffs based on the hourly rate. Plaintiffs accepted the schedules and checks without objection.

Plaintiffs commenced this action on April 30, 1951, to recover the alleged balance due for the hauling service computed on the ton-mileage rather than the hourly rate. Defendants relied on two main points in resisting plaintiffs' claim: (1) waiver, and (2) the statute of limitations.

Defendants first argue that since plaintiffs accepted payment at the hourly rate and at no time notified defendants that they intended to claim the ton-mileage rate, they thereby waived the requirement that the lower hourly rate applies only when the shipper gives the carrier prior written notice of intention to so ship. ■ However, as stated in *Gardner* v. *Rich Mfg. Co.*, 68 Cal.App.2d 725, 730 [158 P.2d 23], the prescribed rules and rate regulations "become a part of

every contract between a highway contract carrier and the shipper.'' Therefore, plaintiffs maintain that since the above-cited rule requires written notice for application of the hourly rate, which notice was not here given, it was not incumbent on them to notify defendants that they were relying on the ton-mileage rate, and their acceptance of payment on the lesser hourly rate does not preclude enforcement of their claim according to the commission's rule. But assuming that plaintiffs' position is correct on this point of waiver, they still may not prevail. ■ Defendants properly maintain that the applicable statute of limitations is the two-year period governing an action on an oral contract (Code Civ. Proc., § 339, subd. 1) rather than the three-year period for an action upon a liability created by statute (Code Civ. Proc., § 338, subd. 1).

■ A liability created by statute is one in which no element of agreement enters. It is an obligation which the law creates in the absence of an agreement. (16 Cal.Jur. p. 473, § 76; 53 C.J.S. p. 1051, § 83; *Higby* v. *Calaveras County*, 18 Cal. 176, 179-180; *Churchill* v. *Pacific Imp. Co.*, 96 Cal. 490, 492-493 [31 P. 560]; *Abram* v. *San Joaquin Cotton Oil Co.*, 46 F.Supp. 969, 976.) But the present liability is not of that sort. ■ While the minimum hauling rates to be charged on either an hourly or ton-mileage basis are fixed by law, and any charge less than the established rate is ''unlawful'' (Highway Carriers' Act, § 10; now Pub. Util. Code, § 3664), the law does not create the liability. Rather the law only determines the amount of the liability created by the agreement of the parties. ■ The prescribed rate provisions and regulations are deemed a part of every such contract, and the parties are deemed to have contracted with such provisions in mind, for otherwise the state's rate-making policy expressed in the Highway Carriers' Act would not be effectual. (*Gardner* v. *Rich Mfg. Co., supra,* 68 Cal.App.2d 725, 729-730.) ■ But the substantive right of action stems from the performance of services pursuant to the contractual agreement of the parties. Accordingly, the limitations period is determined by the nature of the contract of the parties, and depends upon whether the agreement is in writing or rests in parol. (*Oregon-Washington R. & Nav. Co.* v. *Seattle Grain Co.*, 106 Wash. 1 [178 P. 648, 650-651]; *Chicago, M. & St. P. Ry. Co.* v. *Frye & Co.*, 109 Wash. 68 [186 P. 668, 671]; *Baldwin* v. *Fenimore*, 149 Kan. 825 [89 P.2d 883, 886-888]; *Gulf, M. & N. R. Co.* v. *Hunt Bros. Furniture Co.*,

173 Tenn. 327 [117 S.W.2d 12, 13-14] ; *Bottemueller* v. *Wilson & Co.*, (Dist. Ct., Mo.) 57 F.Supp. 766, 767-768.)

This conclusion is in nowise contrary to the California cases on which plaintiffs rely in urging application of the limitations period governing a liability created by statute. *Gardner* v. *Rich Mfg. Co., supra,* 68 Cal.App.2d 725, merely recognized that the commission's legally prescribed rates become a part of the parties' contract and "the carrier . . . is entitled to collect the proper rate" (p. 730), but the statute of limitations point was not involved. *Sunset Pac. Oil Co.* v. *Los Angeles & Salt Lake R. Co.,* 110 Cal.App. Supp. 773 [290 P. 434], was an action to recover an overcharge collected in violation of the "long and short haul" provision of the Constitution (art. XII, § 21) and the Public Utilities Act (§ 24). Plaintiff there contended that the action was founded on a written instrument and that the four-year statute of limitations (Code Civ. Proc., § 337) applied. In rejecting this claim, the court observed that "no written agreement to repay overcharges is alleged" and therefore "the liability which the plaintiff seeks to enforce seems to arise by virtue of statute," with the three-year period of limitations (Code Civ. Proc., § 338, subd. 1) held applicable. (P. 782.) In so concluding, the court stated at page 781: "In many cases it has been held that an action brought by a carrier to recover the full tariff charge, where an undercharge has been made, is an action founded on an instrument in writing" (citing cases from other jurisdictions) but in construing such cases, "a distinction should be made between a suit brought to enforce the obligation of a contract as expressed in a written instrument and a suit brought to enforce an obligation which may in some remote way arise out of or be defined by a written instrument." The Sunset case relied on *California Adjustment Co.* v. *Atchison, T. & S. F. Ry. Co.,* 179 Cal. 140 [175 P. 682, 13 A.L.R. 274], also an action to recover overcharges. In the latter case, defendant contended that "neither by common law nor statute is an action for damages for a violation of a long and short haul clause given." (P. 146.) But the court held that the "right of action is conferred" by the Public Utilities Act and it was unnecessary to consider "whether a right of action existed at common law or not." (P. 148.)

As here appears from the record, it was clearly the parties' contract, rather than the statute, which created the liability; and since the agreement was in parol, the two-year

period of limitations governed.    (Code Civ. Proc., § 339, subd. 1.)

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Respondents' petition for a rehearing was denied April 27, 1955.