[No. B028780. Second Dist., Div. Seven. Apr. 21, 1988.]

LLOYD W. AUBRY, JR., as Labor Commissioner, etc., Plaintiff and Appellant, v.
DAVID GOLDHOR et al., Defendants and Respondents.

COUNSEL

Stuart M. Kaye for Plaintiff and Appellant.

Musick, Peeler & Garrett, Richard J. Simmons, Dana D. Howells and Cheryl L. Davis for Defendants and Respondents.

OPINION

LILLIE, P. J.—Plaintiff appeals from judgment of dismissal entered after the trial court sustained defendants' demurrer to the complaint without leave to amend[1] on the ground plaintiff's action is barred by the statute of limitations.

FACTS

Plaintiff, Labor Commissioner of the State of California, sued the former employers of one Craig Allen to recover overtime wages due Allen and a

---

[1] Minute order sustaining the demurrer was entered June 8, 1987. On June 18, 1987, plaintiff filed notice of appeal "from the judgment entered herein on June 8, 1987." Judgment of dismissal was entered September 25, 1987. We construe the premature notice of appeal as having been filed immediately after entry of the judgment. (Cal. Rules of Court, rule 2(c).)

Defendants argue the appeal must be dismissed in view of our recent admonition that "henceforth we will no longer bail out attorneys who ignore statutory limitations on appealable orders." (*Cohen* v. *Equitable Life Assurance Society* (1987) 196 Cal.App.3d 669, 671 [242 Cal.Rptr. 84].) In *Cohen,* the cross-complainant appealed from "the general demurrer . . . sustained without leave to amend." No judgment of dismissal was entered. We saved the appeal by deeming the order sustaining the demurrer to incorporate a judgment of dismissal and treating the notice of appeal as applying to the judgment. In the present case the notice of appeal specifies appeal from a judgment and judgment of dismissal was subsequently entered. Under these circumstances, *Cohen* does not require dismissal of the appeal.

statutory penalty for failure to pay such wages on termination of Allen's employment. The complaint, filed February 9, 1987, contained two causes of action. The first cause of action alleged: At all times mentioned defendants were subject to the minimum wage laws of the State of California and orders of the state's Industrial Welfare Commission promulgated by the commission pursuant to the authority vested in it by Labor Code sections 1171 through 1204 and California Constitution, article XIV, section 1. Pursuant to an oral agreement, defendants employed Craig Allen from February 6, 1982, to April 20, 1984. During said period Commission Order No. 7-80,[2] regulating wages, hours and working conditions in the mercantile industry, was in full force and effect. Defendants violated said order by refusing to pay to Allen statutorily required overtime wages totaling $25,576.21. On February 1, 1985, Allen filed a claim for wages with plaintiff and assigned the claim to plaintiff for collection. The second cause of action incorporated the foregoing allegations by reference and further alleged: Defendants willfully failed to pay Allen the overtime compensation due him upon termination of his employment as required by Labor Code sections 201 and 202. Accordingly, under Labor Code section 203,[3] defendants must pay Allen a "waiting time" penalty of $3,300.

Defendants demurred generally to the complaint on the ground both causes of action are barred by the two-year statute of limitations set forth in Code of Civil Procedure section 339, subdivision 1 (action upon a contract, obligation or liability not in writing). The trial court sustained the demurrer without leave to amend and dismissed the action.

---

[2] Commission Order No. 7-80, section 3 provides in pertinent part: "(A) No employee eighteen (18) years of age or over nor any minor permitted to work as an adult as provided in (D)(1) shall be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over forty (40) hours in the workweek. Employment beyond eight (8) hours in any workday is permissible provided the employee is compensated for such overtime at not less than: [¶] (1) One and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) day of work; and [¶] (2) Double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any workweek." (Cal. Code Regs., tit. 8, § 11070.)

[3] Labor Code section 203 provides in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, and 202, any wages of an employee who is discharged or who quits, the wages of such employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but such wages shall not continue for more than 30 days. . . . [¶] Suit may be filed for such penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

## DISCUSSION

### I

Plaintiff argues the applicable statute of limitations is Code of Civil Procedure section 338, subdivision 1, which provides a three-year period for conmmencement of an "action upon a liability created by statute, other than a penalty or forfeiture."[4] We agree.

■ "An obligation is created by statute if the liability would not exist but for the statute, and the obligation is created by law in the absence of an agreement. [Citations.] The action must be of a type which did not exist at common law." (*Winick Corp.* v. *General Insurance Co.* (1986) 187 Cal.App.3d 142, 145 [231 Cal.Rptr. 606]; see also *Gardner* v. *Basich Bros. Construction Co.* (1955) 44 Cal.2d 191, 194 [281 P.2d 521].) Under this definition plaintiff's cause of action to recover overtime compensation is based on a liability created by statute. At common law there is a presumption that an employee volunteers extra services performed within the scope of his employment or that his salary is intended to compensate him also for the extra work. (*Sieck* v. *Hall* (1934) 139 Cal.App. 279, 295 [34 P.2d 844].) Accordingly, where an employee rendering extra services receives a regular salary and such services are similar to his regular duties, the employer has no obligation to pay him for the additional services absent an express contract to that effect. (*McCoy* v. *West* (1977) 70 Cal.App.3d 295, 304 [138 Cal.Rptr. 660]; 29 Cal.Jur.3d Rev., Employer and Employee, § 42, pp. 598-599.) Under the Labor Code, on the contrary, absent an explicit wage agreement a fixed salary does not serve to compensate an employee for the number of hours worked in excess of the wage order standard. (Lab. Code, § 510;[5] *Hernandez* v. *Mendoza* (1988) 199 Cal.App.3d 721 [245 Cal.Rptr. 36].) Thus, an employer's obligation to pay overtime compensation to his employee would not exist but for the Labor Code. An action to enforce that obligation therefore is governed by the three-year statute of limitations (Code Civ. Proc., § 338, subd. 1).

■ Defendants insist that because the complaint alleges Allen was employed by defendants pursuant to an oral agreement, plaintiff's action is subject to the two-year statute of limitations applicable to actions on oral contract (Code Civ. Proc., § 339, subd. 1). In support of this contention defendants cite *Hays* v. *Bank of America* (1945) 71 Cal.App.2d 301 [162

---

[4] Under Labor Code section 203 (fn. 3, *ante*), the three-year statute of limitations governs the cause of action for penalties as well as the cause of action for unpaid overtime compensation.

[5] Labor Code section 510 provides in pertinent part: "Eight hours of labor constitutes a day's work, unless it is otherwise expressly stipulated by the parties to a contract. . . ."

P.2d 679]. It was there held that claims against the estate of a deceased employer for overtime wages, liquidated damages and attorneys' fees, based on the federal Fair Labor Standards Act (Act) (29 U.S.C. § 201 et seq.), are not founded on tort but on contracts of employment, or at least are contingent on such contracts, within the meaning of Probate Code former section 707 requiring that claims arising upon contract or contingent thereon be presented to the estate as a prerequisite to the maintenance of an action on them. *Hays* decided only that a claim for overtime wages is contractual for purposes of the claim-filing requirement of the Probate Code. That case is not authority for the proposition that an action to recover overtime wages is based on contract rather than statute for purposes of determining the applicable statute of limitations. On this point it was held that an action for overtime wages and penalties under the Act is governed by the three-year statute of limitations for actions based on a liability created by statute.[6] (*Ballard* v. *Consolidated Steel Corp.* (S.D.Cal. 1945) 61 F.Supp. 996, 998; *Abram* v. *San Joaquin Cotton Oil Co.* (S.D.Cal. 1942) 46 F.Supp. 969, 975-976; *Lorenzetti* v. *American Trust Co.* (N.D.Cal. 1942) 45 F.Supp. 128, 139-140, reversed on another point, *sub nom.* (*Rosenberg* v. *Semeria* (9th Cir. 1943) 137 F.2d 742.) As stated in one such action: "It is true many fine distinctions may be drawn in an attempt to determine the variations of a contractual liability where a statute is involved and a purely statutory liability; yet the conclusion that the obligation of the employer to pay time and one-half for overtime is statutory under the Act, is hardly escapable in view of the purpose and provisions of the Act. Therefore section 338, subdivision (1) [Code Civ. Proc.] would apply in an action to recover additional wages under the Act, and not section 339, subdivision (1)." (*Abram* v. *San Joaquin Cotton Oil Co., supra,* 46 F.Supp. 969, 976.)

In support of their contention that an action for overtime compensation is based on the contract of employment rather than statute, defendants also cite *Gardner* v. *Basich Bros. Construction Co., supra,* 44 Cal.2d 191. That case is not in point. In *Gardner* the parties entered into an oral agreement pursuant to which plaintiffs, licensed highway carriers, hauled material by dump truck for defendants, highway construction contractors. Plaintiffs sued defendants to recover the difference between the amount defendants paid plaintiffs at the hourly rate and the larger amount allegedly due at the ton-mileage rate. On appeal from judgment in favor of plaintiffs, defendants contended the applicable statute of limitations was the two-year period

---

[6] That was the conclusion reached during the period when state law determined the statute of limitations applicable in actions to recover unpaid overtime compensation or liquidated damages under the Act. Effective May 14, 1947, a two-year statute of limitations was made applicable to such actions. (29 U.S.C. § 255.) Where, as in the present case, a claim for overtime compensation is based upon local law and not the Act, such two-year statute of limitations is inapplicable. (*Eastern Sugar Associates* v. *Pena* (1st Cir. 1955) 222 F.2d 934, 938.)

governing an action on an oral contract (Code Civ. Proc., § 339, subd. 1) rather than the three-year period for an action upon a liability created by statute (*Id.,* § 338, subd. 1). The Supreme Court agreed, stating: "While the minimum hauling rates to be charged on either an hourly or ton-mileage basis are fixed by law, and any charge less than the established rate is 'unlawful' (Highway Carriers' Act, § 10; now Pub. Util. Code, § 3664), the law does not create the liability. Rather the law only determines the amount of the liability created by the agreement of the parties." (*Gardner* v. *Basich Bros. Construction Co., supra,* 44 Cal.2d at p. 194.) Unlike the situation in *Basich,* defendants' obligation to pay overtime compensation to Allen is created by statute (i.e., Commission Order No. 7-80, promulgated pursuant to statutory authority), not by the employment agreement. As stated in *Lorenzetti* v. *American Trust Co., supra,* 45 F.Supp. 128, 139: "While the existence of the employer-employee relationship brought plaintiffs and their employers within the Act, and the rate at which they were paid determined the amount of overtime to which they are entitled, there would be no liability [for overtime compensation], were it not for the Act."

## II

Plaintiff sought overtime compensation for various periods of Allen's employment from February 6, 1982, to April 20, 1984. ■ Under the act a separate cause of action for overtime compensation accrues on each regular payday immediately following the work period during which the services were rendered and for which overtime compensation is claimed. ■ ■■■ (*Hartt* v. *United Construction Co., Inc.* (W.D.Mo. 1987) 655 F.Supp. 937, 938; *Shandelman* v. *Schuman* (E.D.Pa. 1950) 92 F.Supp. 334, 335.)[7] ■ ■■■ Accordingly, plaintiff's action was timely filed only as to those paydays within three years prior to commencement of the action.[8]

■ Plaintiff contends that Allen, by filing a wage claim with plaintiff, initiated an administrative proceeding for recovery of overtime compensation (Lab. Code, § 98 et seq.). Accordingly, plaintiff argues, the running of the three-year statute of limitations was equitably tolled during the period Allen was pursuing his administrative remedy even though no statute

[7] Inasmuch as California's wage laws are patterned on federal statutes, federal cases construing those statutes may be looked to for persuasive guidance in interpreting the California laws. (*Alcala* v. *Western Ag Enterprises* (1986) 182 Cal.App.3d 546, 550 [227 Cal.Rptr. 453].)

[8] Defendants note that Allen's pay periods for which plaintiff may recover overtime wages and penalties span only three months (Feb.-Apr. 1984) and that such recovery is below the jurisdictional limit of the superior court (see Code Civ. Proc., § 86, subd. (a)). The action may not be dismissed on that ground, however, inasmuch as defendants' demurrer was not based on lack of jurisdiction (*id.,* § 430.10, subd. (a)). (Cf. *Green* v. *City of Livermore* (1981) 117 Cal.App.3d 82, 89 [172 Cal.Rptr. 461].)

makes exhaustion of such remedy a condition of the right to sue. (See *Addison* v. *State of California* (1978) 21 Cal.3d 313, 317-319 [146 Cal.Rptr. 224, 578 P.2d 941]; *Campbell* v. *Graham-Armstrong* (1973) 9 Cal.3d 482, 490 [107 Cal.Rptr. 777, 509 P.2d 689].) Application of the doctrine of equitable tolling requires (1) timely notice to the defendant in filing the first claim, (2) lack of prejudice to defendant in gathering evidence to defend against the second claim, and (3) good faith and reasonable conduct by plaintiff in filing the second claim. (*Addison* v. *State of California, supra,* 21 Cal.3d at p. 319; *Collier* v. *City of Pasadena* (1983) 142 Cal.App.3d 917, 924 [191 Cal.Rptr. 681].) The doctrine is unavailable to plaintiff.

" '. . . [I]f on the face of the complaint the action appears barred by the statute of limitations, plaintiff has an obligation to anticipate the defense and plead facts to negative the bar.' [Citation.]" (*Union Carbide Corp.* v. *Superior Court* (1984) 36 Cal.3d 15, 25 [201 Cal.Rptr. 580, 679 P.2d 14].) The complaint alleged that on or about February 1, 1985, Allen filed a claim for wages with plaintiff and assigned his wage claims to plaintiff for collection "under the authority vested in it [*sic*] by the laws of the State of California and that the plaintiff is now the true sole owner and holder thereof." These allegations merely establish plaintiff's status as the real party in interest with standing to prosecute this action for collection of unpaid overtime compensation and penalties due Allen. (See Code Civ. Proc., § 367.) They do not show existence of the elements necessary for application of the doctrine of equitable tolling of the statute of limitations. In support of their respective positions on applicability of the doctrine, both parties asked the trial court to take judicial notice of portions of the records of the Division of Labor Standards Enforcement. (See Code Civ. Proc., §§ 430.30, 430.70; Evid. Code, § 452, subd. (c); *Hogan* v. *Valley Hospital* (1983) 147 Cal.App.3d 119, 125 [195 Cal.Rptr. 5].) The material supplied by plaintiff in conjunction with his request for judicial notice does not fill the void created by the complaint's failure to allege the factors necessary to invoke the doctrine of equitable tolling, nor did plaintiff offer to amend to cure that deficiency. Accordingly, the trial court properly sustained the demurrer without leave to amend insofar as the complaint sought overtime compensation and penalties for Allen's pay periods more than three years prior to the filing of the complaint. (See *Community Cause* v. *Boatwright* (1981) 124 Cal.App.3d 888, 902 [177 Cal.Rptr. 657]; *Jones* v. *Daly* (1981) 122 Cal.App.3d 500, 510-511 [176 Cal.Rptr. 130].)

### DISPOSITION

Judgment of dismissal is reversed as to claims for overtime compensation and penalties for pay periods of Craig Allen which occurred after February 9, 1984; the trial court is directed to overrule the demurrer as to such claims

and allow defendants a reasonable time to file an answer as to them. In all other respects the judgment is affirmed. Neither party shall recover costs on appeal.

Johnson, J., and Reese, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.