**Charles JONES, an individual and on behalf of all others similarly situated and the general public, Plaintiff-Appellant,**

v.

**AB ACQUISITION, LLC, a Delaware limited liability company; et al., Defendants-Appellees.**

**No. 16-55955**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted November 9, 2017 Pasadena, California

Filed November 20, 2017

Alireza Alivandivafa, Esquire, Attorney, Alireza Alivandivafa, Los Angeles, CA, Jon D. Henderson, Esquire, Law Offices of J.D. Henderson, Pasadena, CA, Kevin Schwin, Law Office of Kevin Schwin, Fresno, CA, for Plaintiff-Appellant

Gary Matthew McLaughlin, Esquire, Rex S. Heinke, Jonathan P. Slowik, Esquire, Attorney, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, CA, for Defendants-Appellees

Before: LINN,* BERZON, and WATFORD, Circuit Judges.

MEMORANDUM **

1. The district court properly granted summary judgment with respect to Charles Jones' claims regarding the El Cajon alternative workweek schedule (AWS). Under California law, "affected employees in the work unit" may vote to adopt an AWS. Cal. Code Regs. tit. 8, § 11040(3)(C)(2); *see* Cal. Labor Code § 511. This rule should be "liberally construed" to promote the California Labor Code's purpose: protecting employees. *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 139 Cal.Rptr.3d 315, 273 P.3d 513, 527 (2012). And according to the California Division of Labor Standards Enforcement (DLSE), which enforces the relevant regulations, workers should have the opportunity to decide whether they want an AWS. DLSE Opinion Letter, March 31, 1991. Therefore, the DLSE insists only that the work unit be "readily identifiable" and that affected employees be informed of a proposed schedule before an election. *Id.*

This guidance is consistent with the applicable statutes and regulations, *see* Cal. Labor Code § 511, Cal. Code Regs. tit. 8, § 11040(3)(C), which do not contain the restrictions on AWS elections that Jones suggests. Jones was eligible to vote because the work unit was identifiable and he was informed of the proposed AWS. To require more would limit employees' ability to participate in AWS elections affecting

---

* The Honorable Richard Linn, Senior United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

their future work schedules. Indeed, if Jones' restrictive interpretation were correct, employees who had been offered and accepted a position but not yet worked a shift would be unable to weigh in on the selection of their schedule by employees already in the unit. That result is at odds with what the AWS rules require. And contrary to Jones' contention, his interpretation is not necessary to prevent employer coercion. Such coercion is already prohibited. Cal. Code Regs. tit. 8, § 11040(3)(C)(8). The timing of the election does not affect the possibility or fear of retributory adverse employment actions.

Albertson's lawfully returned Jones to a regular schedule after it learned that Jones objected to the El Cajon AWS. An AWS repeal election may take place more than 12 months after workers first vote to adopt the schedule. Cal. Code Regs. tit. 8, § 11040(3)(C)(5). But employers may accommodate individual employees who prefer a different arrangement at any time. For instance, employers are directed to "make a reasonable effort" to accommodate employees who are "unable to work the [AWS]." Cal. Code Regs. tit. 8, § 11040(3)(B)(5). Jones' attempts to distinguish this provision are unpersuasive. To accept his argument, we would have to conclude that employers are prohibited from accommodating an employee who prefers a different schedule, so long as the employee is capable of working the AWS. The Labor Code and the AWS rules do not require such a result.

2. The district court properly granted summary judgment with respect to Jones' conversion claim. Under California law, when the Legislature creates a right that did not exist at common law and provides a comprehensive remedial scheme for that right, the statutory remedies are exclusive. *See Orloff v. Los Angeles Turf Club*, 30 Cal.2d 110, 180 P.2d 321, 322 (1947). The

common law in California did not recognize a right to overtime compensation "absent an express contract to that effect." *Aubry v. Goldhor*, 201 Cal. App. 3d 399, 404, 247 Cal.Rptr. 205 (1988). The Labor Code established that right. *Id.* Accordingly, Jones' conversion claim is precluded.

The authority on which Jones relies is not to the contrary. In *Rojo v. Kliger*, 52 Cal.3d 65, 276 Cal.Rptr. 130, 801 P.2d 373, 375 (1990), the California Supreme Court held that a plaintiff could bring common law claims alleging employment discrimination despite the existence of a remedial statutory scheme. But as the *Rojo* court explained, the right to be free from discrimination in employment *did* exist at common law. *Id.*, 276 Cal.Rptr. 130, 801 P.2d at 381. The non-comprehensive statutory remedies thus did not extinguish the preexisting common law remedies. Likewise, in *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal.4th 592, 113 Cal.Rptr.3d 498, 236 P.3d 346, 353 (2010), the California Supreme Court suggested that a conversion claim would be available against an employer that improperly withheld tips under the Labor Code. But there, too, the Court suggested that the common law already recognized the right at issue. *Id.*, 113 Cal.Rptr.3d 498, 236 P.3d at 351.

Because we affirm the district court's order granting summary judgment and the parties have conceded that the district court's order forecloses the only theory of liability Jones intended to pursue, we need not address the dismissal of Jones' putative class allegations.

**AFFIRMED.**